
DA 16-0608

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 175N

IN THE MATTER OF:

O.R. and J.R.,

      Youths in Need of Care.

APPEAL FROM:    District Court of the Fifth Judicial District,
In and For the County of Beaverhead, Cause Nos. DN 13-761 and DN 15-772
Honorable Kurt Krueger, Presiding Judge

COUNSEL OF RECORD:

      For Appellant:

        Robin Meguire, Attorney at Law, Great Falls, Montana

      For Appellee:

        Timothy C. Fox, Montana Attorney General, Katie F. Schulz, Assistant Attorney General, Helena, Montana

        Karen P. Kane, Assistant Attorney General, Child Protection Unit, Missoula, Montana

Submitted on Briefs:  June 28, 2017

Decided:  July 11, 2017

Filed:

                          Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited, and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 On December 7, 2016, the Court entered an order consolidating DA 16-0608 and DA 16-0609, the separate appeals by A.R. (Mother) from orders terminating her parental rights to O.R. and J.R., into one proceeding designated as Cause No. DA 16-0608. Mother appeals from the orders of the Fifth Judicial District Court, Beaverhead County, granting the State's request for termination of her parental rights, with the right to consent to the adoption of O.R. and J.R.

¶3 O.R. and J.R. are brothers, with O.R. being the oldest. In September 2013, the Child and Family Services Division of the Department of Public Health and Human Services (Department) received an intake report regarding O.R. and O.R.'s half-sibling W.R. A dependent-neglect petition was filed regarding those children. That proceeding was subsequently dismissed in January 2014.

¶4 On the evening of September 5, 2014, and leading into the morning hours of September 6, police conducted multiple welfare checks on the occupants of a vehicle located in a grocery store parking lot in Dillon. The temperature was cool, the back window of the vehicle was broken out, the vehicle's interior appeared to be dirty and in disarray, and the adult occupants appeared to be under the influence of drugs or alcohol. O.R. and

2

W.R. were inside the vehicle, appeared to be dirty and ill-kept, and W.R. said she was cold. The encounters led to Mother's arrest for Disorderly Conduct. Mother tested positive for methamphetamine, amphetamine, and tetrahydrocannabinol (THC),[1] while she was pregnant with J.R. The children were removed by the Department, were adjudicated as youths in need of care, and temporary custody was granted to the Department. A treatment plan for Mother relating to O.R. was approved by the District Court in November 2014. While pregnant with J.R. Mother tested positive for THC multiple times. J.R. was born in February 2015, and because the safety concerns, which led to O.R.'s removal from Mother's care had not yet been resolved, J.R. was removed from the hospital by the Department. A treatment plan was also approved for Mother relating to J.R. O.R. has been in non-kinship foster care since September 2014, and J.R. since February 2015.

¶5 The District Court found Mother's treatment plan was unsuccessful at addressing her chemical dependency, noting numerous positive substance tests during the pendency of the proceeding, and her inability to maintain sobriety. Related to this, the District Court found Mother failed to engage consistently in individual counseling, family counseling, mental health tasks, and visitation with the children, or to maintain a safe home environment. The District Court concluded that Mother's conditions rendering her unfit, unable, or unwilling to provide adequate parental care to O.R. and J.R. and were unlikely to change within a reasonable time. As reasons for its decision, the District Court cited, "Mother's decision to abscond and heavily use methamphetamine" during the course of

---

[1] THC is the primary psychoactive found in cannabis.

3

the case, instead of seeking inpatient substance abuse treatment. The District Court concluded termination of Mother's parental rights to O.R. and J.R. would be in their best interests.

¶6 On appeal, Mother argues the Department lacked sufficient cause to become involved in the matter, asserting that "DPHHS did not have the authority to even make observations to support the existence of probable cause." She argues that police and the social worker, who was called to the scene of the welfare check, lacked the particularized suspicion necessary for an investigatory stop. This argument was made before the District Court in motions to dismiss filed by the children's Grandfather, a permissive intervenor. Mother also argues she was denied due process when the District Court took judicial notice of her physical appearance, and of the difficulty inherent in an addict's recovery process, especially from methamphetamine. She challenges the District Court's handling of her claim that the social worker had a conflict of interest prohibiting her involvement in these cases because the social worker was a victim in a separate criminal case involving Mother. Further, Mother claims she received ineffective assistance of counsel because her attorneys did not introduce evidence of a negative drug test and other evidence of lack of drug use.

¶7 We review a district court's decision to terminate parental rights for an abuse of discretion. *In re T.S.B.*, 2008 MT 23, ¶ 17, 341 Mont. 204, 177 P.3d 429. In a parental rights termination proceeding, "the District Court is bound to give primary consideration to the physical, mental and emotional conditions[,] and needs of the children. Consequently, the best interests of the children are of paramount concern in a parental

4

rights termination proceeding and take precedence over the parental rights." *In re T.S.B.*, ¶ 19 (internal citations omitted).

¶8 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The District Court's findings of fact are supported by substantial evidence and its conclusions of law are correct, including its rulings on the social worker's conflict of interest and the motions to dismiss. Mother was not deprived of due process. The District Court did not abuse its discretion in ordering termination of Mother's parental rights to O.R. and J.R.

¶9 Affirmed.

/S/ JIM RICE

We concur:

/S/ MIKE McGRATH
/S/ MICHAEL E WHEAT
/S/ DIRK M. SANDEFUR
/S/ JAMES JEREMIAH SHEA